IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA SUMMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-CV-784-TFM |
| ) | |
| THE CITY OF DOTHAN and ) | |
| CHIEF JOHN R. POWELL, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT JOHN POWELL'S MOTION TO DISMISS

Defendant John R. Powell, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves the Court to dismiss the claims against him based on the following.

On or about September 23, 2008 Plaintiff Sylvia Summers filed this employment discrimination action against The City of Dothan ("City") and Chief of Police John R. Powell ("Chief Powell"). The claims against the City are brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; and the Fourteenth Amendment via 42 U.S.C. § 1983. The claims against Chief Powell are brought under Title VII in his official capacity as Chief of Police of The City of Dothan. To date there has been no service on Defendant City.

Defendant Chief John Powell respectfully requests the Court to dismiss the claims against him. The law is well established that a Title VII claim cannot be

brought against an individual in his/her individual capacity. *Busby v. Orlando*, 931 F.2d 764 (11th Cir. 1991); *Cross v. Alabama*, 49 F.3d 1490 (11th Cir. 1995); *Dearth v. Collins*, 441 F.3d 931 (11th Cir. 2006). As to a Title VII suit brought against an individual in his/her official capacity, such a claim is tantamount to a claim against the employer itself and there can be no official capacity liability under Title VII for public sector officials. *See Cross*, 49 F.3d at 1503-1504.

As stated in *Cross, supra*, the relief granted under Title VII is against the employer, not against the individual employee. *Id.* at 1504. The method for a plaintiff seeking to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or naming the employer directly. *Cross,* 49 F.3d at 1504; *Busby,* 931 F.2d at 772.

Since Plaintiff herein has directly named and sued The City of Dothan as her employer, the claims against Defendant John Powell are merely duplicative and due to be dismissed.

Moreover, while Plaintiff filed an underlying EEOC Charge against the Dothan Police Department, she did not file a Charge against John Powell and did not name John Powell as a Respondent. As a result, in addition to the reasons asserted above, Defendant Powell is due to be dismissed. *See* 42 U.S.C. § 2000e - 5(f)(1), which provides that a civil action may be brought against a respondent named in the Charge.

Based on the foregoing, Defendant Powell respectfully requests the Court to dismiss the claims against him.

> Respectfully submitted,
>
> */s/ Carol Sue Nelson*
> Carol Sue Nelson
> Attorney for Defendants

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone: (205) 254-1000
Fax: (205) 254-1999

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ann C. Robertson, Esq.
Temple D. Trueblood, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

Bobbie S. Crook, Esq.
367 South St. Andrews Street
Dothan, AL 36301

> */s/ Carol Sue Nelson*
> OF COUNSEL