IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA SUMMERS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 1:08cv-784-MEF |
| ) | |
| THE CITY OF DOTHAN, ALABAMA, ) | |
| ) | |
| DEFENDANT. ) | |

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant John Powell's Motion to Dismiss (Doc. # 5) filed on December 9, 2008. On September 23, 2008, Plaintiff brought suit against the City of Dothan, Alabama and Chief John R. Powell ("Powell") in his official capacity as Chief of Police for Dothan, Alabama. Plaintiff's claims are made pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff alleges unlawful discrimination on the basis of her sex and race and retaliation during the period of her employment with the City of Dothan, Alabama.

Powell seeks dismissal of the claims against him in his official capacity. He contends that such claims are duplicative of the claims against the City of Dothan, Alabama. The Court agrees. In *Kentucky v. Graham*, 473 U.S. 159 (1985), the United States Supreme Court sought to eliminate lingering confusion about the distinction between personal-capacity and official-capacity suits. The Supreme Court emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 165 (quoting *Monell v. New York City Dep't of Social Servs.,* 436

U.S. 658, 690, n.55 (1978)).  *Accord*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that the real party in interest in an official-capacity suit is the governmental entity and not the named official).  Thus, suits against municipal officials in their official capacity therefore should be treated as suits against the municipality. *See, e.g., Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir. 1999) (a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents); *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991) ("Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents"); *Gray v. City of Eufaula,* 31 F. Supp. 2d 957, 965 (M.D. Ala. 1998) (same).

In this case the application of these well-established principles make it plain that the official capacity claims against Powell are really claims against the governmental entity by which he is employed, the City of Dothan, Alabama.  The City of Dothan, Alabama has already been made a proper party defendant to this action.  Any relief required against Powell can be achieved by Plaintiff's claims against the City of Dothan.  Accordingly, the Court is satisfied that the official capacity claims against Powell are unnecessarily duplicative.

For the foregoing reasons, it is hereby ORDERED that Defendant John Powell's Motion to Dismiss (Doc. # 5) is GRANTED and all claims against Defendant John Powell are DISMISSED.  It is further ORDERED that the caption in this case shall be changed to reflect that it is solely against the City of Dothan Alabama and the parties shall from this point forward use the caption as it appears above on filings in this case.

DONE this the 30th day of January, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE