# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA SUMMERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:08-CV-784-MEF |
| | ) |
| THE CITY OF DOTHAN, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The City of Dothan ("City" or "Defendant"), hereby moves this Court to enter summary judgment as a matter of law as to all claims against it pursuant to Rule 56 of the Federal Rules of Civil Procedure. As grounds for this motion, Defendant states as follows:

1. Plaintiff alleges that she was subjected to discrimination by Defendant on the basis of race and sex during her employment with the City in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the Fourteenth Amendment, by and through 42 U.S.C. § 1983. Compl., § V.

2. Plaintiff also alleges that she was subjected to retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000(e) *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the Fourteenth Amendment, by and through 42 U.S.C. § 1983. Compl., § V.

3.     Plaintiff's claims prior to September 23, 2004 asserted via 42 U.S.C. § 1981 against these Defendants are untimely.

4.     Plaintiff's claims prior to December 22, 2006 asserted via Title VII are untimely.

5.     Plaintiff's claims prior to September 23, 2006 asserted via 42 U.S.C. § 1983 are untimely.

6.     Plaintiff cannot establish that any alleged discrimination or retaliation was the result of any custom or policy of the City, and, as a result, her 42 U.S.C. § 1983 claims are due to be dismissed.

7.     Plaintiff has not established and cannot establish by substantial evidence a *prima facie* case of race and/or sex discrimination relating to her employment with the City.

8.     Even assuming, *arguendo*, that Plaintiff can state a *prima facie* case for race and/or sex discrimination, Defendant's actions at issue were for legitimate, non discriminatory reasons, and Plaintiff has failed to demonstrate sufficient evidence of pretext.

9. Plaintiff has not established and cannot establish by substantial evidence a *prima facie* case of retaliation relating to any treatment she received while seeking or employed in any position with the City.

10. Even assuming, *arguendo*, that Plaintiff can state a *prima facie* case for retaliation, Defendant's actions at issue were for legitimate, non-retaliatory reasons, and Plaintiff has failed to demonstrate sufficient evidence of pretext.

11. As to Plaintiff's claims, there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law.

12. In support of their Motion for Summary Judgment, Defendant relies on its brief in support of its motion for summary judgment and its evidentiary submissions, which are being filed simultaneously herewith and are incorporated herein.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an order granting summary judgment as a matter of law in its favor and dismiss all of Plaintiff's claims in this action with prejudice.

Respectfully submitted,

/s/ *Carol Sue Nelson*
Carol Sue Nelson
Alyson C. Saad

Attorneys for Defendant
                                                        City of Dothan

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

# CERTIFICATE OF SERVICE

 I hereby certify that on July 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ann C. Robertson, Esq.
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

             /s/ *Carol Sue Nelson*
             OF COUNSEL